[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 15, 1993 Date of Application January 15, 1993 Date Application Filed January 22, 1993 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford, Docket No. CR92-86780.
Joseph Eider, Esq. Defense counsel for Petitioner.
John Dropick, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner was convicted after trial by jury of Possession of 1/4 or more kilograms of marijuana with Intent to Sell by a Non-Drug Dependent Person in violation of Conn. Gen. Stat. 21a-278(a) Possession of Marijuana with Intent to Sell in violation of Conn. Gen. Stat. 21a-277(b) and Possession of Marijuana of more than 4 oz. in violation of Conn. Gen. Stat.21a-279(b). The sentencing court imposed a sentence of 14 years to serve on the first count; seven years to serve on the second count and five years to serve on the third count. The second and third counts were concurrent to each other and concurrent to CT Page 6610-P the first count for a total effective sentence of 14 years to serve.
The record indicates that based upon a tip that a suitcase with a large amount of narcotics would be arriving at Bradley Airport in Windsor Locks, Connecticut, a search warrant was obtained and when the petitioner claimed the luggage she was arrested. The luggage contained 16 pounds of marijuana and five pounds of cocaine.
At the hearing before this Division, counsel for the petitioner labeled the sentence imposed by the trial court as "excessive" and disproportionate." Counsel claimed that the petitioner is at the bottom rung of the drug hierarchy a "mule" and that the court inappropriately focused upon punishment, claiming that the liability imposed by the sentence didn't approach the limited financial reward for the completion of the task of delivery. Counsel argued that the sentence should be less than 14 years to serve.
Petitioner, when she addressed the panel, claimed that her 9 year old daughter needed her and that she didn't deserve the 14 years imposed. She admitted that since her stay in Niantic she has learned to make "better decisions" and that she should be given a chance.
The attorney for the State noted that the petitioner willingly participated in a drug conspiracy to deliver a major quantity of drugs to the Connecticut area. He noted that this arrest came only 3 months after being sentenced for a similar offense in the State of New York for which she was put on probation. He concluded that the sentence was not unfair nor disproportionate and that it will serve as a deterrent to those considering similar activities.
In reviewing the remarks of the sentencing court, we note it took into consideration all the relevant facts with a strong emphasis upon the petitioner's participation as a delivery person of serious drugs in the recent past. Drugs are the scourge of our society, they perniciously destroy its social fabric affecting the user as well as the innocent. Our conclusion is that the court sentence was appropriate when analyzed under the standard set forth in Practice Book § 942.
The sentence is affirmed. CT Page 6610-Q
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this decision.